UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
BICOM NY, LLC, et al.,                             :        Case No. 17-11906 (MEW)
                                                   :
                    Debtors.                       :        (Jointly Administered)
------------------------------------------------------------x
CRAIG R. JALBERT, in his capacity as               :
Liquidation Trustee,                               :
                                                   :
                    Plaintiff,                     :
                                                   :
         -against-                                 :        Adv. Proc. No. 19-01315 (MEW)
                                                   :
GARY FLOM, VENIAMIN NILVA,                         :
ALEXANDER BOYKO and BNF PARTNERS                   :
NY LLC,                                            :
                                                   :
                    Defendants.                    :
------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL
TURNOVER OF CASH OR PROPERTY IN SATISFACTION OF JUDGMENTS**

      Craig R. Jalbert is the Liquidation Trustee (the "Trustee") of a Liquidation Trust that was established under the confirmed plan of reorganization for three affiliated automobile dealerships that were debtors before this Court: (1) BICOM NY, LLC ("BICOM"); (2) ISCOM NY, LLC ("ISCOM"); and (3) Bay Ridge Automotive Company, LLC ("BRAC"). This Court has entered three judgments in favor of the Trustee and against defendant Alexander Boyko: (1) a judgment in favor of the Trustee on behalf of BICOM in the amount of $734,791.73 plus post-judgment interest (ECF # 95); (2) a judgment in favor of the Trustee on behalf of ISCOM in the amount of $209,940.49 plus post-judgment interest (ECF # 96); and (3) a judgment in favor of the Trustee with respect to BRAC in the amount of $321,471.38 plus post-judgment interest (ECF #97)

(collectively, the "Judgments"). Boyko's appeal from the Judgments is pending, but the enforcement of the Judgments had not been stayed.

On September 7, 2021, the Trustee filed a motion pursuant to Fed. R. Bankr. P. 7069, Fed. R.Civ. P. 69 and New York C.P.L.R. § 5225(a), asking the Court to order defendant Boyko to turn over to the Trustee either cash or personal property sufficient to satisfy the judgment. The motion argued that Boyko had considerable wealth (he had testified at one point during discovery to his ownership of an interest in a business with a value in excess of $100 million), that Boyko had made prior cash investments in BICOM, ISCOM and BRAC, and therefore that Boyko must have cash sufficient to satisfy the Judgments. The motion also argued that during discovery Boyko had testified to his ownership of two items of personal property: (i) stock in an entity named B2B-Center (though Boyko testified at trial in March 2021 that he no longer owned that interest), and (ii) limited partnership interests in an entity named New Hampshire Ragged Mountain Resort Investment, L.P. (though Boyko testified at trial that he was attempting to terminate or to cash out that interest). The proposed order submitted with the motion asked the Court to direct Boyko to deliver either cash or personal property to the Trustee, as the judgment creditor, in sufficient amounts to satisfy the Judgments.

Boyko filed no opposition papers. A hearing on the Motion was held on September 28, 2021.

Federal Rule of Bankruptcy Procedure 7069 incorporates the provisions of Federal Rule of Civil Procedure 69 regarding the enforcement of judgments. Civil Rule 69(a) provides as follows:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the

>procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). The provision of New York law that the Trustee seeks to invoke here is section 5225(a) of the New York Civil Practice Law and Rules, which states:

>Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff. Notice of the motion shall be served on the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested.

N.Y. CPLR § 5225(a).

There are a number of procedural problems with the Motion that the Trustee has filed.

<u>First</u>, the federal rules cited above make clear that the Trustee is required to follow the "procedure" set forth in state law with respect to the enforcement of the Judgments. Section 5225(a) of the CPLR requires that a motion be served on the judgment debtor (Mr. Boyko) "in the same manner as a summons or by registered or certified mail, return receipt requested." N.Y.C.R.L.R. § 5225(a). The Trustee's counsel stated at the hearing that the Trustee had not complied with this requirement. Counsel argued that the procedural requirements of the CPLR should not be controlling since the judgment execution is sought in the federal Bankruptcy Court, but that is plainly wrong. Civil Rule 69(a) requires that the Trustee follow the "procedure" of New York State with respect to the execution of judgments. The Trustee argued that some aspects of the New York procedure (such as the delivery of property to a sheriff) cannot be followed in federal court, but there are substitutes in those cases (such as the appointment of a receiver under the CPLR), and more importantly there was no reason why the Trustee could not have complied with the procedure that is at issue here, which simply required

3

that the motion be served in the same manner as a summons or by certified or registered mail. Finally, the Trustee argued that the required service procedure is a pointless one. However, the purpose of the service requirement is to provide extra assurance that the defendant is aware of the motion. *See* 11 Weinstein, Korn & Miller, *New York Civil Practice: CPLR* ¶ 5225.03 (David L Ferstendig ed. 2021). I see nothing pointless in this procedure, and in any event the rules required compliance with it. I have no right to nullify the clear procedural requirements of the applicable rules just because the Trustee thinks they should not exist.

Second, the Trustee has misunderstood the scope and purpose of section 5225(a). The main purpose of section 5225(a) is to provide a mechanism to compel the delivery of property when it is being kept in a location where the sheriff cannot otherwise levy upon it. *Id.,* ¶ 5225.00 (2021). In order to invoke section 5225, a judgment creditor must identify specific assets that clearly are in the possession of the judgment creditor and that the judgment creditor should be compelled to pay over. As the McKinney's practice commentary to section 5225(a) states:

> The primary burden of the judgment creditor under CPLR 5225 is one of proof. The court will not direct the judgment debtor to pay over money, for example, unless it has been clearly established that the judgment debtor has money to pay over. Nor will it compel the judgment debtor to deliver property that has not clearly been shown to be in the judgment debtor's possession or control. Useful though this device is, therefore, the judgment creditor must approach it armed with a convincing array of evidence.

Siegel, Practice Commentaries, McKinney's Con. Laws of N.Y., CPLR C5225:1. Failure to comply with an order issued pursuant to section 5225(a) is punishable by contempt, *see* N.Y. CPLR 5251 (providing that refusal or willful neglect of any person to obey an order granted pursuant to Article 52 shall be punishable as a contempt of court), which provides all the more reason why a turnover order should require a specific showing that the defendant actually has possession of the cash or personal property that is the subject of the turnover order.

Accordingly, courts have held that orders issued under CPLR § 5225(a) are not properly directed at a defendant's assets generally, but must be directed to specific pieces of property upon a showing that such property actually is held by the defendant. *See Mattel, Inc. v. Arming*, No. 18 Civ 8824 (LAP), 2021 WL 3683871, at *24 (S.D.N.Y. Aug. 18, 2021); *Bernard v. Lombardo*, No. 16 Cv. 863 (RMB), 2016 U.S. Dist. LEXIS 177620, at *4 (S.D.N.Y. November 23, 2016); *Allstar Mktg. Grp., LLC v. 178623*, No. 19-cv-3186 (AJN), 2020 U.S. Dist. LEXIS 181086, at *20 (S.D.N.Y. September 30, 2020); *Moose Toys Pty LTD v. Addition*, No. 18-cv9262 (AJN), 2020 U.S. Dist. LEXIS 95387, at *22 (S.D.N.Y. May 31, 2020). If a movant fails to show that the judgment debtor is in possession or custody of money or specific personal property, the motion under section 5225(a) is defective. *Id.* It "is error to compel delivery of property where a factual question exists as to whether the judgment debtor is in possession of such property, since the court will not compel a judgment debtor to deliver property that has not clearly been shown to be in the judgment debtor's possession or control." N.Y. Jur.2d *Determination of motion in turnover proceeding where property in possession of judgment debtor* § 262; *see also Winkler v. Allvend Indus., Inc.,* 588 N.Y.S.2d 883, 884-85 (App. Div. 2d Dept. 1992) (reversing order issued under CPLR § 5225 and remanding for resolution of issues as to defendant's actual stock ownership); *Penn v. Faber*, 344 N.Y.S.2d 196, 197 (App. Div. 2d Dept. 1973) (error to issue order compelling the turnover of stock under section 5225(a) without a determination that defendant actually owned the stock at issue); *Erin Capital Mgmt., LLC v. Celis*, 854 N.Y.S.2d 640, 642-43 (Sup. Ct. Nassau Cty. 2008) (refusing to issue order under section 5225(a) based on alleged ownership of luxury automobile).

Here, the Trustee has made no specific showing that Mr. Boyko has cash sufficient to pay the Judgments. There is evidence that he had considerable wealth, but that is not sufficiently

specific. In effect, the Trustee asks me to indulge a presumption that Mr. Boyko must be able to satisfy the Judgments and to excuse the Trustee from the painstaking work of actually finding specific assets with which the satisfy the Judgments. That is not a proper request under CPLR § 5225(a), which requires a showing that the defendant actually currently holds unencumbered cash that could be sued to satisfy the Judgments. That means the Trustee must use discovery tools and other means to identify cash transfers, bank accounts or other evidence of actual cash resources and then either to attach them through ordinary means or (if that cannot be done) to seek a proper turnover order. *See* Weinstein, Korn & Miller, *supra,* at ¶ 5225.00 ("The creditor must demonstrate to the court, usually through the use of the devices in CPLR 5223 and CPLR 5224, the existence of property, including money.") I sympathize with the Trustee's complaint that the available tools for the enforcement of judgments may entail too much difficulty and expense, but the procedures are plainly written and they must be followed.

As to personal property: there is no evidence presently before me showing that Boyko actually owns stock in B2B-Center. To the contrary: he testified at trial that he does not own that stock. Similarly, there is no evidence that as of today Boyko actually owns the limited partnership interests that the Trustee has identified. He testified a number of months ago that he was in the process of trying to terminate that interest. Discovery of the partnership certainly could answer the question, but the Trustee has not pursued that available option.

In any event, the proper procedure (if the Trustee believes he has evidence sufficient to show possession by Boyko of sufficient cash or specific personal property with which to satisfy the judgment) is to serve a motion upon Boyko in the manner required by CPLR § 5225(a), and then to resolve any disputed factual issues in the course of a properly-commenced motion hearing.

For all of the foregoing reasons the Trustee's motion is denied, without prejudice.

Dated: New York, New York
September 29, 2021

**s/Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE
